## Rota v. Luzerne Township

*McGee & McCormick,* for plaintiff.

*Anthony J. Kovach, Harry N. Sydor,* and *Ray, Buck, Margolis, Mahoney & John,* for defendants.

CICCHETTI, *J.,* July 15, 1975—Plaintiff filed an action in trespass against defendants, Luzerne Township and Luzerne Coal Company, alleging that he sustained personal injuries as a result of an accident which occurred on Telegraph Road in Luzerne Township, Fayette County, on September 2, 1973.

Defendant Luzerne Coal Company filed a crossclaim against defendant Luzerne Township pleading an agreement between defendants whereby Luzerne Coal Company would pay Luzerne Township money based on tonnage of coal transported across the township's roads.

Plaintiff has filed interrogatories to defendant Luzerne Township requesting information, among other things, whether said agreement is still in force and the weight load of other roads in the township.

Rule 4007(a) of the Pennsylvania Rules of Civil Procedure provides as follows:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Futhermore, in determining whether the inquiry is relevant, the courts have stated as follows:

". . . The test of relevancy is not whether the anticipated answer to the proposed question can immediately qualify as admissible evidence, but whether the proposed question may possibly lead to an answer or answers which, alone or together, may be admissible and possess sufficient probative force to affect a material part of the cause of action.": O'Conner v. Fellman, 39 D. & C. 2d 51 (1966).

Luzerne Township filed objections to 14 interrogatories filed by plaintiff. Interrogatories 8, 9 and 11 deal with the weight limits on township roads at the time of the accident and the amount of money collected and expended under the agreement.

Applying the above test, these questions could be relevant and therefore must be answered by defendant Luzerne Township.

The remaining interrogatories deal with weight limits on township roads at the present time, the amount of money expended on the materials on township roads to date and weight limits presently imposed on township roads. Plaintiff contends that the answers to these questions may be relevant and admissible to show subsequent remedial measures.

It has always been Pennsylvania law that negligence could not be inferred from the fact that a defendant made changes or improvements upon the thing in question subsequent to the event in question: Baran v. Reading Wire Company, 202 Pa. 274.

Plaintiff relies on Hyndman v. Pennsylvania Railroad Company, 396 Pa. 190 (1959), wherein the court approved the admission of testimony concerning a subsequent improvement in order to establish a precautionary step which could have been taken by defendant without hindering its operation.

That case dealt with the possessor of land and is an exception to the general rule as to who would control such land. It also dealt with liability for bodily harm to young children based upon the Restatement of Torts, section 339. The court took great pains to make it clear that the testimony had no bearing on antecedent negligence, but was only admitted to show a caution which was not costly or burdensome to defendant in relation to the risk or danger involved.

Liability in the present case is not based on the Restatement section and evidence of precautionary steps for subsequent remedial action would not be relevant.

Therefore, as to interrogatories 2, 3, 4, 6, 7, 10, 12, 16, 17, 18 and 19, the rule is made absolute and the protective order granted.